Per Curiam.

Petitioner urges that he was denied a fair trial and thus due process of law on the grounds that the prosecuting attorney was allowed to introduce evidence of petitioner’s bad character when petitioner had not opened the door for such evidence by introducing evidence of his good character; that the court erred in introducing his confession into evidence because such confession was involuntary, not on the ground that it was coerced but on the ground that petitioner was mentally incapable of understanding what he was signing; and that because of epilepsy and intoxication he was incapable at the time of the crime of distinguishing right from wrong; and on the ground of numerous other errors relating to the admission or exclusion of evidence a,nd to his trial in general. No attack is made by petitioner on the indictment or the jurisdiction of the court arising therefrom..
*52 All the errors urged by petitioner are directed at alleged irregularities in the proceedings and not to the jurisdiction of the court and matters which would render the conviction void.
It is well settled that errors in the admission or exclusion of evidence furnish no ground for relief by habeas corpus nor does such action lie to inquire into the sufficiency of the evidence to support a judgment of conviction. Spence v. Sacks, Warden, 173 Ohio St., 419.
Where one is convicted by a court of competent jurisdiction, which jurisdiction has been invoked by a valid indictment charging the accused with a valid statutory offense, habeas corpus does not lie to contest the validity of the conviction on the basis of errors ór irregularities in the trial or judgment, the remedy for such errors being by appeal. Ex parte Van Hagan, 25 Ohio St., 426; and Grove v. Maxwell, Warden, 173 Ohio St., 559.
Habeas corpus is not a substitute for appeal nor does it provide a second method of appeal. In a situation such as the present one, habeas corpus lies only to determine whether the conviction was void. Petitioner in the instant case is seeking a re-examination of errors and irregularities in his trial, all of which the records of this court show he raised on his appeal from his conviction.
Petitioner has, in the course of these proceedings, made a motion that he be subjected to hypnosis so that he can prove his innocence. In a habeas corpus proceeding, guilt or innocence is not an issue, and such motion must be overruled.
The petitioner has shown no deprivation of his constitutional rights nor has he shown any lack of jurisdiction of the trial court.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taft, Matthias, O’Neill and Griffith, JJ., concur.
Herbert, J., not participating.